Filing # 24779497 E-Filed 03/11/2015 11:29:17 PM

IN THE CIRCUIT COURT OF THE<br>
SECOND JUDICIAL CIRCUIT, IN<br>
AND FOR LEON COUNTY, FLORIDA<br>
2015 CA 000591<br>
CASE NO. 15-CA-<br>
FLA BAR NO. 0739685

KENNETH L. WESTLEY,

    Plaintiff,

vs.

BOARD OF TRUSTEES, FLORIDA
A & M UNIVERSITY, a public body
corporate,

    Defendant.

_____/

## COMPLAINT

Plaintiff, KENNETH L. WESTLEY, hereby sues Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, a public body corporate, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, KENNETH L. WESTLEY has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race, black, his dark color and the fact that he reported discrimination adversely affecting him and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, a public body corporate, has been organized and existing under the laws of

the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5.  Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.  Plaintiff, an African American dark skinned male, began his employment with Defendant on or around October 17, 1999, as a Maintenance Support Worker in the HVAC shop.

7.  On May 13, 2013, Plaintiff was assigned to perform Senior Mechanic Refrigerant duties but neither his job classification nor his pay changed.

8.  When a Senior Mechanic Refrigerant position came available, Plaintiff was informed that he did not qualify because he did not have the proper certification although he had worked in the HVAC shop for four years. Defendant hired a Caucasian male although he did not have the experience or the certification.

9.  Since Plaintiff has been with the Defendant, two Caucasian males were hired and they are the two highest paid workers in the HVAC shop.

10. On January 21, 2014, Plaintiff wrote a letter to Kendall Jones, Director of the Physical Plant, making him aware of the disparate treatment. No action was taken. Plaintiff should have been making the same income or more than the two white males.

11. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations and the EEOC on June 9, 2014, alleging race/color discrimination. On July 16, 2014, one week after Plaintiff filed his Charge of Discrimination, Director Kendall Jones and Assistant

Director Clinton Smith retaliated against Plaintiff by issuing him an unwarranted written reprimand. Plaintiff had never received a written reprimand or any other kind of reprimand prior to his FCHR/EEOC activity. This action was taken against Plaintiff in direct retaliation for Plaintiff engaging in protected activity.

12. Plaintiff is still employed by the Defendant and the violations against Plaintiff are ongoing and continuous.

13. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I
## RACE/COLOR DISCRIMINATION

14. Paragraphs 1-13 are re-alleged and incorporated herein by reference.

15. This is an action against Defendant for discrimination based upon race and color brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

16. Plaintiff has been the victim of discrimination on the basis of his race and color in that he was treated differently than similarly situated white employees and fairer skinned black employees of Defendant with respect to the terms and conditions of his employment with respect to positions held and pay.

17. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

3

18. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

19. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

20. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

21. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

22. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

23. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## RETALIATION

24. Paragraphs 1-13 are hereby re-alleged and reincorporated as if set forth in full herein.

25. Defendant is an employer as that term is used under the applicable statutes referenced above.

26. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, and Chapter 760, Florida Statutes.

27. The foregoing unlawful actions by Defendant were purposeful.

28. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

29. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

30. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 11th day of March, 2015.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
Marie@mattoxlaw.com
Michelle2@mattoxlaw.com
joshua@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF